77,210-03
Feb. 9, 2015

Abel Acosta, Clerk

Here you will find a supplement to my January 1st 2015 filling. Ground 10 - Actual Innocences and its supporting Memorandum of Law.

Respectfully Submitted,

Keith S. Cumbee
1699482

Wayne Scott Unit
6999 Retrieve Rd.
Angleton, Texas
77515

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

GROUND: X̶ Actual Innocences

FACTS SUPPORTING GROUND:

The applicant contends that after being taken before the 7th Judical District Court of Smith County, Texas on Feb. 14th 2011 where Judge Kerry Russell heard testimony concerning the revocation of applicants 10 year community supervision probation and the Jan13th 2011 charge of Poss of Marij more than 4 ozs less than 5 LBS (offense 35620010) Cause # 007-1820-03 where Judge Kerry Russell sentenced applicant to 12 years confinement in the Texas Department of Criminal Justice Institutional Division he cannot also be guilty of the charges

14

Rev. 01/14/14

and insist he is innocent of the charges leveled against him on March 7th 2011 a hearing in the 7th Judical District Court of Smith County, Texas where Judge Kerry Russell again heard testimony accepted a plea for the Jan. 13th 2011 charge of Poss of Marij more than 4 ozs less than 5 LBS (offense 35620010) Cause# 007-0219-11 then sentenced applicant to 15 months State Jail. Applicant will also show he is ~~acta~~ actually innocent of the Poss of Marij. Charge by default at the Feb 14th, 2011 hearing.

Rev. 01/14/14

Cause No. 007-1820-03
"Evidentary Hearing Requested"

Ex parte ) In the 7th Judical
Keith Stuart Cumbee ) District Court of
Applicant, Pro Se ) Smith County, Texas

Memorandum of Law
In Support of
Writ of Habeas Corpus
Tex. Code Crim Proc 11:07

To The Judge of said Court:

Comes Now, Keith Stuart Cumbee, Applicant Pro Se, in the above entitled and numbered cause and submits this his "Memorandum of Law" in support of Ground 10 a supplement filing to his application for Writ of Habeas Corpus pusuant to the Tex. Code of Crim. Proc. art. 11:07 and will respectfully show the following:

# X

## Actual Innocences

This applicant need only to go as far as the Fifth Amendment of the United States Constitution and the Fourteenth Amendment of the Texas Constitution where it clearly protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted and from being punished twice for the same offense. See Brown v Ohio 432 U.S. 161, 164-65, 97 S. Ct 2221, 2224-25, 53 L. Ed. 2d 187 (1977)

This applicant also contends that after being convicted of Poss of Marij more than 4ozs less than 5 LBS (offense 35620010) in cause number 007-1820-03 in the 7th Judical Court of Smith County, Texas on Feb 14th, 2011 that the trial court, as a fact finder could not and should not have found applicant guilty of Poss of Marij more than 4ozs less than 5 LBS (offense 35620010) in cause number 007-0219-11 by the same Judge Hon. Kerry Russell in the 7th Judical Court of Smith County, Texas on March 7th, 2011.

In Aekins v State 2013 Tex. App Lexis 13694. Because appellant stood trial for all three offenses before the same Judge, the trial court knew or should have known of the potential double jeopardy issues, resulting in no legitimate State intrest in enforcing the usual rules of procedual default. Gallegos v. State, 340 S.W. 3d, 797, 801 n. 2 (Tex.App.-San Antonio 2011) Honeycutt v. State 82 S.W. 3d 545, 547 (Tex.App.-San Antonio 2002)

Applicant has shown that his conviction and sentencing of for the second offense of Poss of Marij more than 4 ozs less than 5 LBS (Offense 35620010) under cause number 007-0219-11 violates the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. Applicant has also accompanied his claim with a prima facie showing of actual innocence of the Second Poss of Marij charge (Offense 35620010) on March 7th, 2011 and has hereby satisfied his burden under Tex. Code Crim. Proc. Ann art. 11.07 § 4 (a)(2) he prays.

In closing this applicant will point out that by the states own hand they married two cause numbers 007-1820-03 from the 3rd day of January 2006 (Aggravated Assault) and 007-0219-11 from the 13th day of January 2011 (Poss of Mari) through a hearing in the 7th Judical Court District Court of Smith County, Texas, (See pages 80,81,82, of this writ). Judge Kerry Russell appointed Austin Reeve Jackson on January 14, 2011 to counsel this applicant for cause number 007-1820-03. Now ~~applicat~~ applicant will direct you to the *March 2nd, 2011 Order Appointing Attorney where Judge Kerry Russell appointed Austin Reeve Jackson to a pending Poss of Mari $ more than 4ozs less than 5 LBS (Offense 35620010) that stemmed from a January 13th, 2011 arrest. So it is clear on the face of the States own documents that this applicant didnot have counsel for the Poss of Mari charge at the February 14th 2011 hearing and is actually innocent by default.

*See Exhibit Five of Writ - Order Appointing Counsel

Finally, the applicant has a 6th Amendment right to the assistance of counsel. Black v. Ramano 471 [790] U.S. 611, 85 L. Ed. 636, 105 S. Ct. 2254 (1985). And for the state to negelect to appoint counsel for the Poss of Mary charge is a violation of his Constitutional rights under the Fifth and Sixth Amendments, see Gideon v. Wainwright 372 U.S. 339, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963). Whatever else it may mean, the right to counsel granted by the constitution of the United States promises that a person is entitled to help from a lawyer at or after the time that Judial Proceedings have been. initiated against him. Brewer v. Williams 430 U.S. 387, 389, 97 S. Ct 1232, 1239, 51 L. Ed 2d 424 (1977).

This applicant feels that he has met his burdens and request relief be granted to him.

**PETITIONER'S INFORMATION**

Petitioner's printed name: Keith S Cumbee

State bar number, if applicable:

Address: Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

*New Address*

Telephone:

Fax:

**INMATE'S DECLARATION**

I, Keith S. Cumbee , am the (applicant) petitioner (circle one) and being presently incarcerated in T.D.C.J I.D , declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on Feb 10th , 20 11 .

Keith S. Cumbee

Signature of (Applicant) Petitioner (circle one)

1699482

17

Rev. 01/14/14